OPINION OF THE COURT
Arthur D. Spatt, J.
This is a motion by defendant Town of North Hempstead (Town), pursuant to CPLR 3211 (subd [a], par 7), to dismiss the complaint upon the ground that the complaint fails to state a cause of action against the defendant Town of North Hempstead.
BACKGROUND AND CONTENTIONS
This is an action to recover damages for the negligence of the defendant Commander Oil Corp. in performing repair service upon plaintiff Holland’s oil burner (first cause of action) and for the negligence of the Westbury Fire Department of the Westbury Fire District in extinguishing or containing the fire (second cause of action).
A fire occurred on February 25,1980 in three warehouse buildings owned by plaintiff K.H.K. Co. and leased by plaintiff Harland Enterprises, Inc., doing business as Holland Associates.
The only reference to the Town of North Hempstead in the complaint insofar as liability is concerned is in paragraph 20 of the complaint, which reads as follows: “upon information and belief, by reason of the applicable provi *512 sions of the Not-For-Profit Corporation, Town Law, Village Law and General Municipal Law of the State of New York, defendants, the village of westbury and the town of north Hempstead control and are responsible for the aforesaid acts and conduct of the fire department of the WESTBURY FIRE DISTRICT.”
This action was commenced by the service of the summons and complaint on or about October 1, 1980, and a stipulation was entered into extending the time of the defendant Town to answer or move to November 5, 1980. This motion to dismiss was made prior to that date.
THE LAW
As alleged in paragraph 4 of the complaint, the West-bury Fire Department “is employed by and/or acting as the agent of’ the Westbury Fire District.
The Town of North Hempstead is empowered by the terms of section 170 of the Town Law to establish fire districts. The Westbury Fire District is such a district.
Subdivision 6 of section 174 of the Town Law provides as follows: “A fire district is a political subdivision of the state and a district corporation within the meaning of section three of the general corporation law. The officers and employees of a fire district, including the paid and volunteer members of the fire department thereof, are officers and employees of such fire district and are not officers or employees of any other political subdivision.”
Subdivision 4-a of section 176 of the Town Law provides that the board of fire commissioners shall audit all claims against the fire district, and subdivision 19 of section 176 of the Town Law provides, in part, as follows: “Such board of fire commissioners * * * shall have the exclusive management and control of the property of the fire district and may insure the same against loss or damage from any risk whatsoever and may contract at the expense of the district for insurance indemnifying the district, its officers, agents, employees and the members of all fire companies against any loss arising from injuries to persons or property through the operation and maintenance of such fire district and the performance of the duties thereof and insure the members of the fire department of the district against injury or death in the performance of their duties, or both.” (Emphasis supplied.)
*513 The liability of a fire district for the negligent acts of volunteer firemen is set forth in section 205-b of the General Municipal Law, which is the applicable statute (see Seyer v Schoen, 6 AD2d 177) and reads, in part, as follows: “fire districts created pursuant to law shall be liable for the negligence of volunteer firemen duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district, provided such volunteer firemen, at the time of any accident or injury, were acting in the discharge of their duties.”
A town is not liable for negligence on the part of members of a fire district engaged in fire fighting or other authorized activities of a fire district. In Miller v Town of Irondequoit (243 App Div 240, 242-243, affd 268 NY 578) the rule was firmly stated: “It is thus made clear to us that the Legislature intended to make the ownership, maintenance and control of district fire apparatus a function of the fire district, not a function for which the town is responsible.”
And, also (p 244), as follows: “An indication of the legislative policy toward actions in negligence against a fire district may be found in the enactment of section 205-a of the General Municipal Law (Laws of 1934, chap. 489) which creates a liability against such a district by reason of the negligence of a volunteer fireman in the performance of his duties and directs that judgments recovered thereunder shall be levied upon the taxable property of the district. If the tort liability of a fire district is to be extended further the Legislature alone can so provide and only by language which is unequivocal.”
The State Comptroller has rendered an opinion (4 Opns St Comp, 1948, pp 209, 210) which reads, in part, as follows: “It must be remembered, however, that the fire districts in towns are district corporations and are units of government separate from the town unit (see Constitution, Article VIII, section 3, Article X, section 5; General Corporation Law, section 3(3); Article 11 of the Town Law, generally; Local Finance Law, section 2.00 (3a). While section 205 imposes a duty upon the town to pay benefits to *514 firemen in the first instance, the liability, in the case of fire districts, is actually a fire district liability and not a town liability.”
See, also, the recent case of Thomas v Consolidated Fire Dist. No. 1 of Town of Niskayuna (50 NY2d 143), in which it was held that a fire district is liable for the negligence of volunteer firemen if they were acting on the discharge of their duties, even while operating a privately owned vehicle outside the borders of the fire district.
In Cox v Village of Greenwich (33 AD2d 264), a complaint was sustained against the village based upon alleged negligence by a volunteer fireman, who was a member of the village fire department under direct control of the village through the board of fire commissioners. The defendant Town does not have control over the Westbury Fire District.
Plaintiff’s reliance upon subdivision 1 of section 184 of the Town Law, section 1402 (subd [e], par [1]) of the Not-For-Profit Corporation Law and the case of Cuddy v Town of Amsterdam (62 AD2d 119) is misplaced. Subdivision 1 of section 184 of the Town Law applies only to fire protection districts and not to a fire district, as is involved in this case.
Pursuant to section 170 of the Town Law, a town is authorized to establish fire districts, fire alarm districts and fire protection districts for the benefit of town residents. Section 1402 (sübd [e], par [1]) of the Not-For-Profit Corporation Law provides, in part, as follows: “A fire, hose, protective or hook and ladder corporation heretofore incorporated under any general law or a fire corporation hereafter incorporated under this section shall be under the control of the city, village, fire district or town authorities having, by law, control over the prevention or extinguishment of fires therein.” (Emphasis supplied.)
The clear meaning of the statute is that any fire corporation incorporated under other provisions of law or under this statute shall be under the control of the fire district or the town having control over the extinguishment of fires. The word or is an intentional delineation of alternate liability. In this case, we know that the Westbury Fire District had such control over its fire fighting under the *515 provisions of section 205-b of the General Municipal Law and subdivision 6 of section 174 and subdivision 19 of section 176 of the Town Law. (See 1932 Atty Gen [Inf Opns] at 45 NY St Dept Rep 247, 664, in which it is stated that a fire corporation comes under the control of the fire district or the town in which it is located.)
Subdivision 1 of section 184 of the Town Law establishes rules for the fire protection district which simply is concerned with “the furnishing of fire protection [in such] district”. (Emphasis added.) The term “fire protection” as used in this section, “includes inspections of buildings and properties in the fire protection district” (Town Law, § 184, subd 9). This case does not concern a fire protection district. The case of Cuddy v Town of Amsterdam (supra, pp 120-121) did involve a fire protection district, as is clearly set forth in the decision: “The Town of Amsterdam exercised this authority by establishing the defendant, Cranesville Fire Protection District. By the terms of subdivision 1 of section 184 of the Town Law, upon the establishment of such district, the town board ‘shall provide for the furnishing of fire protection within the district and for that purpose may contract with any city, village, fire district or incorporated fire company maintaining adequate and suitable apparatus and appliances for the furnishing of fire protection in such district’. Accordingly, the Town of Amsterdam entered into a contract with the defendant, Cranesville Volunteer Fire Department, Inc., whereby the latter agreed to provide fire protection within the Cranesville Fire Protection District.”
Thus, it is clear that the Town of North Hempstead has no control and is not responsible for the acts and conduct of the Westbury Fire District. The Town cannot be held liable for negligence on the part of the members of a fire company engaged in fire fighting or other authorized activities of a fire district. (See, also, 1967 Atty Gen [Inf Opns] 68.)
Accordingly, the complaint fails to state a cause of action against the defendant Town of North Hempstead, and the Town’s motion to dismiss the complaint against it is granted.