■ In the Matter of the CITY OF NEW YORK—IN REM FORECLOSURE ACTION NO. 39, BOROUGH OF QUEENS. BERLIN BEVERAGE DISTRIBUTORS, INC., Appellant; CITY OF NEW YORK, Respondent.—In an in rem tax foreclosure proceeding, Berlin Beverage Distributors, Inc., appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated October 31, 1989, which denied its motion to vacate a judgment of foreclosure dated July 7, 1987, in favor of the respondent City of New York, by which the City acquired title to the premises designated as Block 12617, Lot 1, in Queens County.

Ordered that the order is affirmed, with costs.

On August 9, 1984, Kogan Beverages, Ltd., the former owner of the subject property, mortgaged the premises to Berlin Beverage Distributors, Inc. (hereinafter Berlin) and the mortgage was duly recorded on March 8, 1985.

On February 28, 1986, the City of New York commenced the instant action by filing two duplicate lists of properties with delinquent taxes in the Queens County Clerk's Office pursuant to Administrative Code of the City of New York § 11-405 (d). The list included various parcels, including the property at issue here. The City subsequently mailed personal notices of the in rem proceeding to Kogan Beverages, Ltd., pursuant to Administrative Code § 11-406 (c) and § 11-416.

Thereafter on or about April 15, 1986, Berlin commenced a mortgage foreclosure action against the subject property, and named the City as one of the defendants. In its complaint, Berlin alleged that "the mortgagee [sic] failed to pay the taxes due" and that real estate taxes levied by the City "may be unpaid and owing". The City interposed an answer and asserted as an affirmative defense that the complaint failed to

disclose as required by RPAPL 202-a detailed facts regarding the reason for making the City a party defendant.

By judgment in the tax foreclosure proceeding, on July 7, 1987, the City obtained title to the subject property pursuant to Administrative Code of the City of New York § 11-412 (b). Thereafter, Berlin obtained a judgment of foreclosure and sale on February 22, 1988. After it attempted to sell the property, Berlin was informed of the City's interest in the property. Berlin's application for discretionary release of the City's title pursuant to Administrative Code § 11-424 (a) and (g) was denied by the New York City Board of Estimate.

Berlin moved to vacate the judgment of tax foreclosure obtained by the City in the in rem tax proceeding. The motion was denied. We affirm.

The Administrative Code provides for personal notice to a person having an interest in real property prior to an in rem tax foreclosure, when such person has filed an owner registration card (see, Administrative Code § 11-416), or an in rem card (see, Administrative Code § 11-417) with the Commissioner of Finance of the City of New York. If such owner registration or in rem card has not been filed, then the City must only send personal notice to the name and address, if any, appearing in the latest annual record of assessed valuation (see, Administrative Code § 11-406 [c]). The record in this case demonstrates that the City fully complied with the statutory notice requirements governing in rem tax foreclosure actions. It is furthermore uncontroverted that Berlin did not file an in rem card. Consequently, contrary to its claim on appeal, it was not entitled to personal notice by the City (see, Matter of Tax Foreclosure No. 35, 127 AD2d 220, affd 71 NY2d 863; see also, Matter of Tref Realty Corp. v City of New York, 135 AD2d 862; Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, 133 AD2d 30, affd 70 NY2d 831).

We further note that Berlin's inclusion of the City as a party to the mortgage foreclosure action for the express reason that there might have been unpaid taxes owed on the property indicates that Berlin was aware, as of the time it commenced its mortgage foreclosure action, of the possibility of delinquent taxes owed to the City. Further, in its complaint, Berlin specifically alleged that Kogan "had failed to pay the taxes due as required by the mortgage instrument". Under these circumstances Berlin, in the exercise of due diligence, could have protected its interest by filing an in rem card entitling it to personal notice by the City, or, alternatively, it

could have conducted a record search on the property to disclose the pending tax foreclosure. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.