■ HADAR HATORAH, Appellant, v CITY OF NEW YORK et al., Respondents.—In an action, *inter alia,* for a judgment declaring that an in rem judgment of foreclosure and a deed conveying certain parcels to the City of New York are invalid, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 7, 1989, which denied the plaintiff's motion for partial summary judgment on the first cause of action asserted in the complaint and granted the defendants' cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the deed conveying the properties in Brooklyn known as 319 Albany Avenue and 321 Albany Avenue, respectively, to the City of New York is valid.

In October of 1977, the City of New York acquired the title to two properties in Brooklyn known as 319 Albany Avenue

and 321 Albany Avenue, respectively, pursuant to a judgment entered in an in rem tax foreclosure action. The plaintiff, who owned both properties, claims that it first became aware of the judgment of foreclosure in November of 1980, and, one month later, applied to the Office of the Comptroller for cancellation of the tax arrears. That application was denied in 1985, and a subsequent application for release of the properties pursuant to Administrative Code of the City of New York § 11-424 was denied in 1987. The plaintiff commenced this action, *inter alia,* for a judgment declaring that the in rem deed acquired by the City in 1977 was void. Two of the three causes of action asserted in the complaint, which challenged the City's denial of the plaintiff's applications in 1985 and 1987, were dismissed by an order dated June 23, 1988, and that order is not contested on this appeal.

In the remaining cause of action, the plaintiff sought a declaration that the deed was void on the ground that the notice of the in rem tax foreclosure action did not satisfy the requirements of due process. Upon the motion by the plaintiff and the cross motion by the defendants for summary judgment, the court dismissed the cause of action as barred by the Statute of Limitations. In light of the decision by the Court of Appeals in *Matter of ISCA Enters. v City of New York* (77 NY2d 688), we find that this was error. The presumption in Administrative Code § 11-412 (c) that the prior proceedings in the foreclosure action, including the notices issued, were regular and in accordance with the law, becomes conclusive two years from the date the deed was recorded and therefore operates as a two-year Statute of Limitations, provided the party has actual notice of the action within this two-year period *(see, Matter of ISCA Enters. v City of New York, supra).* Here, since the plaintiff claimed that it did not have actual notice of the foreclosure action within the two-year period, the City failed to establish that it was entitled to summary judgment on that ground.

Nevertheless, we find that the City is entitled to summary judgment on the merits, as the plaintiff's challenge on due process grounds to the notice provisions in Administrative Code § 11-406 (c) is without merit. In *Campbell v City of New York* (77 NY2d 688), the companion case to *Matter of ISCA Enters. (supra),* the Court of Appeals held that the notice provisions in the Administrative Code, as applied to the owners of property, satisfy the minimum requirements of due process. The plaintiff does not dispute that the City complied with the notice provisions in the Administrative Code when

this action was commenced. Furthermore, the plaintiff conceded that it had not filed an owner registration card or an "in-rem" card with the Commissioner of Finance pursuant to Administrative Code §§ 11-416 or 11-417, which would have provided an additional mechanism for the receipt of actual notice of the foreclosure action (see, *Campbell v City of New York, supra; Matter of City of New York [Berlin Beverage Distribs.],* 171 AD2d 792; *Matter of Tref Realty Corp. v City of New York,* 135 AD2d 862). Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.