■ SAMUEL WALTON, Appellant-Respondent, v NORMAN MARKAN, Respondent-Appellant. [692 NYS2d 150] —In an action to recover damages for defamation, (1) the plaintiff appeals from so much of (a) an order of the Supreme Court, Nassau County (Schmidt, J.), dated March 9, 1998, as granted the cross motion of the defendant for summary judgment dismissing the complaint, and (b) an order of the same court, dated August 21, 1998, as denied his motion to renew the defendant's cross motion for summary judgment dismissing the complaint and, upon renewal, for leave to file a second amended complaint, and (2) the defendant cross-appeals from so much of (a) the order dated March 9, 1998, as denied his cross motion for sanctions, and (b) the order dated August 21, 1998, as denied his cross motion for sanctions on the motion for renewal.

Ordered that the order dated March 9, 1998, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated August 21, 1998, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court properly granted the defendant summary judgment dismissing the complaint since the alleged defamatory statements were made by the defendant during a New York State Division of Housing and Community Renewal

hearing, and the statements were pertinent to the subject of the hearing. As such, the statements were absolutely privileged (*see, Marsh v Ellsworth,* 50 NY 309, 311-312; *Romeo v Village of Fishkill,* 248 AD2d 700; *Allan & Allan Arts v Rosenblum,* 201 AD2d 136, 138-140, *cert denied* 516 US 914; *Fowler v Conforti,* 194 AD2d 394; *Hammer v Berg,* 193 AD2d 716; *Grasso v Mathew,* 164 AD2d 476). In opposition, the plaintiff failed to raise a genuine issue of material fact as to whether the alleged defamatory statements were published to anyone outside of the hearing.

The Supreme Court properly denied the plaintiff's motion for leave to renew and, upon renewal, for leave to file a second amended complaint. The court also properly denied the defendant's cross motions for sanctions. Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.