SECOND DEPARTMENT, DECEMBER, 2000

(December 4, 2000)

■ HAL F. ABRAHAMSON et al., Respondents, v GATES AT MELVILLE, L. L. C., et al., Appellants. [717 NYS2d 245] —In an action to recover damages for injury to personal and real property, the defendant Town of Huntington appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 25, 1999, as granted the plaintiffs' motion for leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5) and to amend the late notice of claim to assert a claim for conversion, and the defendants Gates at Melville, L. L. C., Wayne Steck, and Paul Steck separately appeal, as limited by their brief, from so much of the same order as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the fourth, fifth, sixth, and eighth causes of action in the amended complaint and to strike the plaintiffs' demand for punitive damages insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof granting that branch of the plaintiffs' motion which was to amend their late notice of claim to assert a claim for conversion, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted the plaintiffs' motion for leave to file a late notice of claim under General Municipal Law § 50-e (5). The defendant Town of Huntington had notice of the essential facts constituting the plaintiffs' claim for the negligent issuance of a certificate of occupancy, and it will not be prejudiced by the delay. Although the plaintiffs did not demonstrate a strong excuse for their delay in filing, the presence or absence of any one factor of the numerous relevant factors the court must consider is not determinative (*see, Salvaggio v Western Regional Off-Track Betting Corp.,* 203 AD2d 938;

*Barnes v County of Onondaga,* 103 AD2d 624, *affd* 65 NY2d 664). Under these circumstances, the court properly granted leave to file a late notice of claim.

However, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion to amend their notice of claim to include a claim for conversion. An amendment pursuant to General Municipal Law § 50-e (6) is permissible to correct, *inter alia,* a mistake or omission made in good faith, provided the public corporation is not prejudiced (*see, Mazza v City of New York,* 112 AD2d 921). An amendment which would substantively alter the nature of the claim does not fall within the purview of the statute (*see, Herron v City of New York,* 223 AD2d 676; *Forsythe v Town of Tuxedo,* 220 AD2d 640; *Demorcy v City of New York,* 137 AD2d 650). The Town of Huntington had no knowledge of any conversion claim against them. Under the circumstances, the amendment to the notice of claim sought by the plaintiffs would substantially alter the nature of the claim and would be prejudicial to the Town of Huntington.

Furthermore, since the Statute of Limitations expired before the plaintiffs moved for leave to amend, the court should not have permitted service of an amended notice of claim (*see, Pierson v City of New York,* 56 NY2d 950; General Municipal Law § 50-e [5]).

Contrary to the contention of the defendants Gates at Melville, L. L. C., Wayne Steck, and Paul Steck, the court properly denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the fourth, fifth, sixth, and eighth causes of action in the amended complaint and to strike the plaintiffs' demand for punitive damages insofar as asserted against them (*see, International Aircraft Trading Co. v Manufacturers Trust Co.,* 297 NY 285; *Matter of Guptill Holding Corp. v State of New York,* 33 AD2d 362, *affd* 31 NY2d 897; *Lowendahl v Baltimore & Ohio R. R. Co.,* 247 App Div 144, 157, *affd* 272 NY 360).

The appellants' remaining contentions are without merit. Thompson, J. P., Sullivan, McGinity and Schmidt, JJ., concur.