■ MAJORIE MOORE et al., Appellants, v CITY OF NEW YORK, Respondent. [736 NYS2d 889] —In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 4, 2000, as denied that branch of their motion which was to compel the defendant to provide certain discovery, and granted that branch of the defendant's cross motion which was to dismiss the complaint as time-barred pursuant to General Municipal Law § 50-i.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly granted that branch of the defendant's cross motion which was to dismiss the complaint as time-barred. Pursuant to General Municipal Law § 50-i, the one-year and 90-day period in which the plaintiffs were required to commence this action, inter alia, to recover damages for negligent infliction of emotional distress against the municipal defendant began to run upon "the happening of the event[s] upon which the claim is based." The events upon which the plaintiffs' claim is based were the misidentification of the decedent's corpse, the unauthorized autopsy, and the burial as a "John Doe," all of which occurred more than one year and 90 days before the action was commenced (see, Jensen v City of New York, 288 AD2d 346).

The plaintiffs' remaining contention is without merit. Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.