■ In the Matter of WILLIAM METZGER et al., Respondents, v TOWN OF WARWICK, Appellant. [742 NYS2d 861] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from a judgment of the Supreme Court, Orange County (Owen, J.), dated May 3, 2001, which, upon a decision of the same court, dated April 13, 2001, and upon the granting of the petitioners' application to deem their notice of claim timely served, deemed the notice of claim to be timely served with respect to causes of action which accrued more than 90 days prior to March 13, 2001.

Ordered that the notice of appeal from the decision dated April 13, 2001, is deemed to be a notice of appeal from the judgment dated May 3, 2001 (*see* CPLR 5512 [a]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

An application for leave to serve a late notice of claim is addressed to the sound discretion of the trial court (*see Matter of Bischert v County of Westchester,* 212 AD2d 529). Here, the trial court providently exercised that discretion in granting the petitioners' application since, under the circumstances of this case, the delay was relatively brief and reasonably explained. Moreover, the appellant failed to demonstrate that it would be prejudiced if the notice of claim was deemed timely served. Accordingly, the application was properly granted (*see* General Municipal Law § 50-e; *Matter of Guarneri v Town of Oyster Bay,* 224 AD2d 695; *Matter of Farrell v City of New York,* 191 AD2d 698; *Matter of Shelden v New York City Hous. Auth.,* 180 AD2d 551).

The appellant's contention that the underlying claim is without merit does not warrant denial of the application since "it has been repeatedly held that 'the merits of the petitioner's claims' (*Tatum v City of New York,* 161 AD2d 580, 581) are not a factor to be considered in determining an application for leave to serve a late notice of claim" (*Matter of Fritsch v Westchester County Dept. of Transp.,* 170 AD2d 602, 604). Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.