■ GLYNE L. HARPER, Respondent, v JAN V. FARENSBACH, Appellant. [777 NYS2d 711]—

In an action to recover damages for slander, intentional infliction of emotional distress, and abuse of process, the defendant appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated November 8, 2002, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

Glyne Leon Harper commenced this action to recover damages for slander, intentional infliction of emotional distress, and abuse of process against, among others, the defendant Jan V. Farensbach. Farensbach was an attorney representing nonparty Beverley Clarke, also known as Beverly Clarke, as the plaintiff in a related action Clarke commenced against, among others, Harper, inter alia, to rescind a real property transfer that Clarke alleged Harper had induced by fraud.

Farensbach made a prima facie showing that certain allegedly slanderous statements Harper claimed Farensbach made were uttered in the course of judicial proceedings, and were material and pertinent to those proceedings. Thus, the statements were privileged (*see Wiener v Weintraub,* 22 NY2d 330 [1968]). In opposition, Harper failed to raise a triable issue of fact (*see Walton v Markan,* 262 AD2d 478 [1999]). Accordingly, the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for slander.

Further, Farensbach made a prima facie showing of entitlement to judgment as a matter of law with respect to the causes

of action to recover damages for intentional infliction of emotional distress and abuse of process. In opposition, Harper failed to raise a triable issue of fact (*see Howell v New York Post Co.,* 81 NY2d 115, 122 [1993]; *Curiano v Suozzi,* 63 NY2d 113 [1984]; *Nesenoff v Dinerstein & Lesser, P.C.,* 5 AD3d 746 [2004]). Accordingly, the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing those causes of action.

The parties' remaining contentions either are unnecessary to address in light of the foregoing, or without merit. Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.