In the Matter of STATE FARM FIRE & CASUALTY COMPANY, as Subrogee of KATE O'BRIAN et al., Respondent, v VILLAGE OF BRONXVILLE et al., Respondents, and TOWN OF EASTCHESTER, Appellant. (Matter No. 1.) STATE FARM FIRE & CASUALTY COMPANY, as Subrogee of KATE O'BRIAN et al., Respondent, v ED WILEY SLATE Co. et al., Defendants, and TOWN OF EASTCHESTER, Appellant. (Matter No. 2.) [805 NYS2d 651]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim and a related subrogation action to recover amounts paid by the petitioner, State Farm Fire & Casualty Company, to its insureds for property damage, the Town of Eastchester appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 24, 2004, as, granted the petition insofar as asserted against it, and denied that branch of its cross motion which was to dismiss the complaint in the related subrogation action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied and the proceeding is dismissed insofar as asserted against the Town of Eastchester, that branch of the cross motion which was to dismiss the complaint in the subrogation action insofar as asserted against

the Town of Eastchester is granted, the proceeding insofar as asserted against the Village of Bronxville and the Eastchester Fire District is severed, and the subrogation action insofar as asserted against Ed Wiley Slate Co., Ed Wiley, doing business as Ed Wiley Slate Co., the Village of Bronxville, the Eastchester Fire District, and United Water of New Rochelle is severed.

As a general rule, the merits of a petitioner's claim "are not a factor to be considered in determining an application for leave to serve a late notice of claim" (*Matter of Metzger v Town of Warwick,* 294 AD2d 503, 504 [2002] [internal quotation marks omitted]; *see Tatum v City of New York,* 161 AD2d 580 [1990]). Nevertheless, "[l]eave is not appropriate for a patently merit- less claim" (*Matter of Catherine G. v County of Essex,* 3 NY3d 175, 179 [2004]; *see Matter of Lo Tempio v Erie County Health Dept.,* 17 AD3d 1161 [2005]; *Caldwell v 302 Convent Ave. Hous. Dev. Fund Corp.,* 272 AD2d 112 [2000]; *Matter of Finneran v City of New York,* 228 AD2d 596 [1996]; *Matter of Katz v Town of Bedford,* 192 AD2d 707 [1993]). Here, the complaint in the subrogation action, which was commenced before the petitioner sought leave to serve a late notice of claim, alleged, inter alia, that the Town negligently failed to ensure that the Eastchester Fire District conducted its fire operations in a proper manner. However, a fire district is a "wholly independent political subdivision whose 'members,' including its volunteer firemen, are employees of the district and not of the town" (*Nelson v Garcia,* 152 AD2d 22, 25 [1989], quoting Town Law § 174 [7]). Thus, a fire district "possesses virtually total supervision and control over all aspects of the creation and staffing of fire companies as well as over the rules and regulations governing firefighting practices and procedures," and "is answerable for the negligence of its firefighters committed in the course of their duties" (*Knapp v Union Vale Fire Co.,* 141 AD2d 509, 510 [1988]). Accordingly, the Town cannot be held liable for the Eastchester Fire District's alleged failure to properly conduct firefighting operations (*see Nelson v Garcia, supra; Harland Enters. v Commander Oil Corp.,* 108 Misc 2d 511 [1981]), and the cause of action asserted against the Town in the subroga- tion action is patently without merit. Furthermore, the ad- ditional allegations of negligence set forth in the proposed no- tice of claim against the Town are without merit (*see* Town Law § 176 [12]). Under these circumstances, the Supreme Court should have denied the petition for leave to serve a late notice of claim insofar as asserted against the Town, and granted that branch of the Town's cross motion which was to dismiss the complaint in the subrogation action insofar as asserted against it.

In light of our determination, we need not address the Town's remaining contentions. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.