■ In the Matter of MARIA BESEDINA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [850 NYS2d 199]—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim, the New York City Transit Authority and the Metropolitan Transportation Authority appeal, and the City of New York and the New York City Police Department separately appeal, from an order of the Supreme Court, Queens County (Elliot, J.), entered December 18, 2006, which granted the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petition which was for leave to serve a late notice of claim on the City of New York and the New York City Police Department, and substituting therefor a provision denying that branch of the petition; as so modified, the order is affirmed, with one bill of costs payable by the petitioner to the City of New York and the New York

City Police Department, and one bill of costs payable to the petitioner by the New York City Transit Authority and the Metropolitan Transportation Authority.

The petitioner allegedly was raped twice on the subway platform of the 21st Street subway station in Queens by an assailant who had followed her off a "G" train. The petitioner sought leave to serve late notices of claim on the appellants approximately 11 months after she was raped. Her proposed claim against the appellants New York City Transit Authority and the Metropolitan Transportation Authority (hereinafter the Transit appellants) is premised largely on the alleged failure of the employees of the Transit appellants to come to her aid. The petitioner's proposed claim against the appellants City of New York and New York City Police Department (hereinafter the City appellants) is premised on, inter alia, the alleged failure of the City appellants to staff an "omega booth," i.e., a police antiterrorism post, in the 21st Street station.

Although raised for the first time on appeal, the argument of the City appellants that the petitioner's claim against them is patently without merit raises an issue of law that appears on the face of the record, the determination of which could not have been avoided if raised in the Supreme Court. Accordingly, it is appropriate to consider that argument on the appeal (*see Matter of Matarrese v New York City Health & Hosps. Corp.,* 247 AD2d 475, 476 [1998]).

The City appellants correctly argue that they may be potentially liable to an individual as a result of a failure to provide police protection only if there is an allegation of the existence of a "special relationship" (*Abraham v City of New York,* 39 AD3d 21, 25 [2007]; *Laratro v City of New York,* 8 NY3d 79, 83 [2006]; *see Etienne v New York City Police Dept.,* 37 AD3d 647 [2007]). The petitioner's claim based on the failure to staff the "omega booth" would not give rise to any liability on the part of the City appellants, and is patently without merit. While the merits of a claim ordinarily are not considered on a motion for leave to serve a late notice of claim, where the proposed claim is patently without merit, leave to serve a late notice of claim should be denied (*see Matter of Catherine G. v County of Essex,* 3 NY3d 175, 179 [2004]; *see also Matter of State Farm Fire & Cas. Co. v Village of Bronxville,* 24 AD3d 453 [2005]; *Matter of Brown v New York City Hous. Auth.,* 39 AD3d 744 [2007]).

The Transit appellants did not raise any issue with regard to the merits of the petitioner's claim against them, and the Supreme Court did not improvidently exercise its discretion in

granting that branch of the petition which was for leave to serve a late notice of claim on these appellants under the circumstances presented. Mastro, J.P., Santucci, Covello and Angiolillo, JJ., concur.