■ In the Matter of CANDICE CHAMBERS, Respondent, v NASSAU COUNTY HEALTH CARE CORPORATION, Appellant. [857 NYS2d 222]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, Nassau County Health Care Corporation appeals (1) from an order of the Supreme Court, Nassau County (Phelan, J.), entered March 2, 2007, which granted the petition, and (2), as limited by its brief, from so much of an order of the same court entered August 27, 2007, as, upon renewal, adhered to the prior determination.

Ordered that the appeal from the order entered March 2, 2007 is dismissed, without costs or disbursements, as the order was superseded by the order entered August 27, 2007, made upon renewal; and it is further,

Ordered that the order entered August 27, 2007 is affirmed insofar as appealed from, without costs or disbursements.

On September 15, 2005 the petitioner Candice Chambers reported to the emergency room at a hospital owned and operated by the appellant Nassau County Health Care Corporation complaining of swelling in her neck. Her triage assessment sheet indicates that she informed the staff that she was allergic to shellfish (due to the iodine). A CT scan was ordered. During the scan, the petitioner suffered an allergic reaction that was treated with epinephrine. She thereafter suffered a cardiac event and was hospitalized until September 21, 2005. This included two days in the cardiac intensive care unit and one day in the regular intensive care unit. The results of blood tests on September 16, 2005 were "not conclusive of myocardial infarct but [were] suggestive of myocardial damage and increased risk for cardiac events." In November 2006 the petitioner commenced this proceeding for leave to serve a late notice of claim. The

petitioner alleged that she suffered an allergic reaction during her CT scan because the contrast medium used for the scan contained iodine, despite her disclosed allergy to the same. Further, she alleged that the appellant administered "contraindicated, dangerous and excessive dosages of Epinephrine," which caused her to suffer a heart attack. The Supreme Court granted the petition. We affirm.

In determining whether to permit service of a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e; *Matter of Roland v Nassau County Dept. of Social Servs.*, 35 AD3d 477 [2006]). The presence or absence of any one factor, including the absence of a reasonable excuse, is not necessarily fatal (*see Jordan v City of New York*, 41 AD3d 658 [2007]; *Abrahamson v Gates at Melville*, 278 AD2d 186 [2000]). Further, while the merits of a claim ordinarily are not considered on a motion for leave to serve a late notice of claim, leave should be denied where the proposed claim is patently without merit (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175 [2004]; *Matter of Besedina v New York City Tr. Auth.*, 47 AD3d 924 [2008]). Here, the petitioner did not offer a reasonable excuse for her failure to serve a timely notice of claim. However, she demonstrated that the appellant acquired timely, actual knowledge of the facts constituting the claim and would not be substantially prejudiced by the delay. The petitioner's medical records detailed the relevant facts and suggested injury attributable to malpractice (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138 [2008]; *Cifuentes v New York City Health & Hosps. Corp.*, 43 AD3d 385 [2007]). In opposition, the appellant failed to demonstrate substantial prejudice, or that the petitioner's claim was patently without merit (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175 [2004]; *Matter of Besedina v New York City Tr. Auth.*, 47 AD3d 924 [2008]). In light of all of the circumstances, the Supreme Court providently exercised its discretion in granting the petitioner leave to serve a late notice of claim (*see Jordan v City of New York*, 41 AD3d 658 [2007]; *Abrahamson v Gates at Melville*, 278 AD2d 186 [2000]).

The appellant's argument concerning whether the petitioner

timely commenced an action on her claim miscalculates the relevant period of limitation and, in any event, concerns matters dehors the record.

The appellant's remaining contentions are without merit. Mastro, J.P., Ritter, Carni and Eng, JJ., concur.