■ Kevin Hwangbo et al., Respondents, v Stanley E. Nobles et al., Defendants, and Nancy J. Lebron et al., Appellants. [879 NYS2d 579]—

In an action to recover damages for personal injuries, etc., the defendants Nancy J. Lebron and Malverne Union Free School District appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated July 14, 2008, as granted the plaintiffs' application for leave to serve a late notice of claim and to amend the complaint to allege compliance with General Municipal Law § 50-i, and denied those branches of their motion which were to dismiss the complaint insofar as asserted against them for failure to comply with General Municipal Law §§ 50-e and 50-i.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' application for leave to serve a late notice of claim and to amend the complaint to allege compliance with General Municipal Law § 50-i is denied, and those branches of the motion of the defendants Nancy J. Lebron and Malverne Union Free School District which were to dismiss the complaint insofar as asserted against them for failure to comply with General Municipal Law §§ 50-e and 50-i are granted.

As a condition precedent to the maintenance of the instant action against the defendant Malverne Union Free School District (hereinafter the school district), and its employee, the defendant Nancy J. Lebron (hereinafter together the appellants), the plaintiffs were required to serve a notice of claim upon the school district within 90 days of the accident (*see* General Municipal Law § 50-e [1] [a]; *see also* Education Law § 3813 [2]; General Municipal Law § 50-i [1]). However, the plaintiffs failed to do so. To obtain leave to serve the notice of claim beyond that period, the plaintiffs were required to seek that relief within one year and 90 days of the accident (*see* General Municipal Law § 50-e [5]; § 50-i [1] [c]). However, the plaintiffs failed to do this as well. They also failed to demonstrate that their failure to serve a timely notice of claim, or to make a timely request for leave to serve a late notice of claim, was due to any acts of the appellants sufficient to allow the invocation of an equitable estoppel against the assertion of a time bar (*see Matter of Pipitone v City of New York*, 38 AD3d 557 [2007]; *Urena v New York City Health & Hosps. Corp.*, 35 AD3d 446 [2006]).

In light of the foregoing, the Supreme Court lacked the authority to grant the plaintiffs leave to serve a late notice of claim (*see Pierson v City of New York*, 56 NY2d 950, 955-956 [1982]) and, thus, should have denied the plaintiffs' application and granted those branches of the appellants' motion which were to dismiss the complaint insofar as asserted against them based on the plaintiffs' failure to comply with General Munici-

pal Law §§ 50-e and 50-i (*see Mazzola v Kelly*, 281 AD2d 604 [2001]; *McSherry v Hawthorne School*, 246 AD2d 517, 517-518 [1998]; *Lopez v Brentwood Union Free School Dist.*, 149 AD2d 474, 475 [1989]; *see also Perkins v City of New York*, 26 AD3d 483, 485 [2006]; *Moore v City of New York*, 291 AD2d 386 [2002]). Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.