■ In the Matter of FRANK GAETA, Respondent, v INCORPORATED VILLAGE OF GARDEN CITY et al., Appellants. [897 NYS2d 653]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Iannacci, J.), entered June 1, 2009, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is denied.

While the merits of a claim ordinarily are not considered on a motion for leave to serve a late notice of claim, where the proposed claim is patently without merit, leave to serve a late notice of claim should be denied (see Matter of Catherine G. v County of Essex, 3 NY3d 175, 179 [2004]; Matter of Besedina v New York City Tr. Auth., 47 AD3d 924, 925 [2008]; Matter of State Farm Fire & Cas. Co. v Village of Bronxville, 24 AD3d 453 [2005]).

Here, the petitioner sought leave to serve a late notice of claim alleging slander. The allegedly slanderous statements, however, were made by Police Officer Errol Wedra during his testimony upon cross-examination at a criminal trial, and were pertinent and material to the cross-examination and the subject matter of the proceeding (see Harper v Farensbach, 8 AD3d 341 [2004]; Walton v Markan, 262 AD2d 478, 479 [1999]; Romeo v Village of Fishkill, 248 AD2d 700 [1998]; Allan & Allan Arts v Rosenblum, 201 AD2d 136 [1994], cert denied 516 US 914 [1995]). Statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding (see Rosenberg v MetLife, Inc., 8 NY3d 359, 365 [2007]; Ingber v Mallilo, 52 AD3d 569, 570 [2008]; Rufeh v Schwartz, 50 AD3d 1002, 1004 [2008]; Sinrod v Stone, 20 AD3d 560, 561 [2005]; Matter of Dunn v Ladenburg Thalmann & Co., 259 AD2d 544, 545 [1999]).

Accordingly, the petition for leave to serve a late notice of claim alleging slander should have been denied. Mastro, J.P., Dickerson, Belen and Austin, JJ., concur.