In an action to recover damages for violations of Executive Law § 296 and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 2, 2010, which *975 granted the defendants’ motion pursuant to CPLR 3211 (a) to dismiss the complaint. Presiding Justice Eng has been substituted for former Justice Belen (see 22 NYCRR 670.1 [c]).
Ordered that the order is affirmed, with costs.
The Supreme Court properly granted that branch of the defendants’ motion which was to dismiss the state-law cause of action because the plaintiff failed to serve a timely notice of claim (see Hibbert v Suffolk County Dept. of Probation, 267 AD2d 205, 205 [1999]). Contrary to the plaintiff’s assertions, a notice of claim was required because, in the state-law cause of action, the plaintiff sought only to vindicate his individual interest, in the form of money damages, for an alleged invasion of his personal and/or property rights (see County Law § 52 [1]; General Municipal Law §§ 50-e, 50-i; Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164, 170 [2001]; Hibbert v Suffolk County Dept. of Probation, 267 AD2d at 205).
The Supreme Court also properly granted that branch of the defendants’ motion which was to dismiss the civil rights cause of action, which was asserted pursuant to 42 USC § 1983. The plaintiffs prior employment discrimination complaint, which was filed in federal district court and dismissed because the plaintiff failed to file a timely discrimination charge with a federal or state agency, was grounded on the same allegations as those asserted in the complaint in the instant action. “When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single ‘factual grouping’ . . . the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions” (O’Brien v City of Syracuse, 54 NY2d 353, 357-358 [1981] [citation omitted]).
The United States Supreme Court has determined that the statutory period for the timely filing of a charge of discrimination with the United States Equal Employment Opportunity Commission or an equivalent state antidiscrimination agency (see 42 USC § 2000e-5 [e] [1]) is in the nature of a statute of limitations (see Zipes v Trans World Airlines, Inc., 455 US 385, 393 [1982]; see also Chin v Port Auth. of N.Y. & N.J., 685 F3d 135, 146 n 6 [2012]; Gutierrez v City of New York, 756 F Supp 2d 491, 499 [2010]). Under New York law, a dismissal of a cause of action on the ground that it was barred by the applicable statute of limitations is “sufficiently close to the merits for claim preclusion purposes” and, thus, the attempted relitigation of such a cause of action will be barred by the doctrine of res judicata (Smith v Russell Sage Coll., 54 NY2d 185, 194 [1981]; *976 see Komlosi v City of New York, 3 AD3d 343 [2004]; Matter of Karmel v Delfino, 293 AD2d 473 [2002]). Since the cause of action pursuant to 42 USC § 1983 seeks the same relief as that sought in the employment discrimination cause of action, and the federal court dismissed the employment discrimination cause of action as time-barred, the cause of action pursuant to 42 USC § 1983 is barred by the doctrine of res judicata.
The plaintiffs remaining contentions are without merit. Eng, EJ., Dillon, Angiolillo and Cohen, JJ., concur.