■ In the Matter of TAX FORECLOSURE ACTION No. 51. ABDUL BASHER, Appellant; CITY OF NEW YORK, Respondent. [12 NYS3d 263]—

In a tax lien foreclosure action pursuant to Administrative Code of the City of New York § 11-404 (a), Abdul Basher appeals from an order of the Supreme Court, Kings County (Martin, J.), dated December 21, 2012, which denied his motion to vacate so much of a judgment of foreclosure of the same court dated October 26, 2011, as pertains to certain real property.

Ordered that the order is affirmed, with costs.

The City of New York commenced this tax lien foreclosure action by notice dated February 23, 2007. On March 1, 2007, and again on October 11, 2007, the City complied with the notice provisions of the Administrative Code of the City of New York (*see* Administrative Code of City of NY § 11-406 [c]) by mailing copies of the notice of foreclosure to the owner of the subject property (*see* Administrative Code of City of NY § 11-416 [c]), and to mortgagees, lienors, and others having an interest in the property (*see* Administrative Code of City of NY § 11-417 [b]). In July 2007, in a separate personal injury action, the appellant obtained a default judgment against the record owner of the property. On November 13, 2007, nearly nine months after the commencement of this tax lien foreclosure action, the appellant recorded, with the City's Department of Finance, a Supreme Court order, issued in the personal injury action, which granted his motion to stay the sale of the property pursuant to Debtor and Creditor Law § 279. More than four years later, upon learning that the City had been awarded a judgment of foreclosure with respect to the property, the appellant moved to vacate so much of the judgment of foreclosure as pertains to the property. The Supreme Court denied the motion.

The appellant does not dispute the fact that he has never filed an "in-rem" card with the City's Commissioner of Finance pursuant to Administrative Code of the City of New York §§ 11-416 or 11-417. Moreover, he does not dispute that he did not otherwise notify the City's Department of Finance of his interest in the property, which would have provided him with a mechanism for the receipt of actual notice of this tax lien foreclosure action, prior to the mailings of the copies of the notice of foreclosure (*see Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 701-702 [1991]; *Hatorah v City of New York*, 175 AD2d 795, 796-797 [1991]). Because the City's Department of Finance was not made aware of the appellant's interest in the property at the time this action was commenced or before copies of the notice of foreclosure were mailed, the appellant was not entitled to notice under the abovementioned provisions of the Administrative Code of the City of New York, and was bound by the outcome of this action (*see In Rem Tax Foreclosure Action No. 47*, 19 AD3d 547 [2005]; *Matter of Tref Realty Corp. v City of New York*, 135 AD2d 862, 863 [1987]).

The appellant contends that a letter addressed to his attorney from City's Department of Housing Preservation and Development, dated May 14, 2007, establishes that the City was aware of his interest in the property. However, the infor-

mation contained in that letter cannot be imputed to the Commissioner of the City's Department of Finance, which is the agency responsible for the notice requirements of pending foreclosure actions (*see* Administrative Code of City of NY §§ 11-406, 11-416). Had the appellant notified the City's Department of Finance of his interest in the subject property, as specified by the Administrative Code of the City of New York, even as late as the date of the letter, he would have been able to ensure his timely receipt of the second notice of foreclosure in October 2007 (*cf. Hatorah v City of New* York, 175 AD2d at 796-797).

Accordingly, the Supreme Court properly denied the appellant's motion to vacate so much of the judgment of foreclosure as pertains to the property. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.