■ In the Matter of BASHER ABDUL, Appellant, v CITY OF NEW YORK et al., Respondents. [16 NYS3d 743]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Jimenez Salta, J.), dated June 20, 2014, which denied the petition.

Ordered that the order is affirmed, with costs.

In order to maintain a tort action against a municipality, General Municipal Law § 50-e (1) (a) requires a claimant to serve a notice of claim upon that municipality within 90 days of the date that the claim arose (*see Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d 138, 143 [2008]). General Municipal Law § 50-e (5) permits a court, in its discretion, to extend the time to serve a notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d at 143; *Matter of Lodati v City of New York*, 303 AD2d 406, 406-407 [2003]), if the application is made within 1 year and 90 days from the date the claim arose (*see Matter of Goffredo v City of New York*, 33 AD3d 346, 347 [2006]; *Hwangbo v Nobles*, 62 AD3d 949, 950 [2009]; *Lopez v Brentwood Union Free School Dist.*, 149 AD2d 474, 474-475 [1989]).

While the merits of a claim ordinarily are not considered in connection with a request for leave to serve a late notice of claim, where the proposed claim is patently without merit, leave to serve a late notice of claim should be denied (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *Matter of Gaeta v Incorporated Vil. of Garden City*, 72 AD3d 683, 684 [2010]; *Matter of Besedina v New York City Tr. Auth.*, 47 AD3d 924, 925 [2008]; *Matter of State Farm Fire & Cas. Co. v Village of Bronxville*, 24 AD3d 453 [2005]). Here, the merits of the claim alleged in the notice of claim have already been determined by the Supreme Court in an order which has been affirmed by this Court (*Matter of Tax Foreclosure Action No. 51*, 129 AD3d 1093 [2015]; *see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Nostrom v County of Suffolk*, 100 AD3d 974 [2012]). The petitioner's claim is that the City of New York wrongfully sold or transferred certain real property that he alleges to have an interest in, notwithstanding an alleged court order staying a sale or transfer of the property and the City's knowledge of his claim. The petitioner made these same arguments in *Matter of Tax Foreclosure Action No. 51*, and the is-

sues already were determined by the Supreme Court (*see O'Brien v City of Syracuse*, 54 NY2d at 357; *Nostrom v County of Suffolk*, 100 AD3d at 974). As the petitioner's underlying claim was patently without merit, the Supreme Court properly denied the petition for leave to serve a late notice of claim (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *Matter of Gaeta v Incorporated Vil. of Garden City*, 72 AD3d 683, 684 [2010]; *Matter of Besedina v New York City Tr. Auth.*, 47 AD3d 924, 925 [2008]).

In any event, the petitioner also failed to demonstrate that his delay in serving his notice of claim was reasonable (*see Matter of Gobardhan v City of New York*, 64 AD3d 705, 706 [2009]; *Matter of Burgess v County of Suffolk*, 56 AD3d 769, 770 [2008]; *Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]; *Matter of Camilleri v County of Suffolk*, 190 AD2d 669 [1993]).

Accordingly, under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the petition. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.