CITY OF NEW YORK, Plaintiff, *v.* 952 FIFTH AVENUE CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, March 2, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Julius Isaacs* and *Samuel K. Handel* of counsel), for plaintiff.

*Benjamin Wiener* and *Herman Goldman* for defendants.

SHIENTAG, J. The provisions of section 415(1)–53.1 of the Administrative Code of the City of New York (L. 1937, ch. 929, amd. L. 1941, ch. 667) authorize the appointment of the City Treasurer as receiver of the rents, issues and profits of property subject to a transfer of tax lien owned or held by the City and further authorize the Treasurer, acting as receiver, to apply the rents, issues and profits of the property " in satisfaction of such unpaid taxes, assessments, water rents, penalties and interest, the costs and charges of the administration of the receivership ". It seems clear from these provisions that the City

Treasurer in the case at bar properly applied the rents to the satisfaction of unpaid taxes. The contention of the defendant corporation that the rents should first have been applied to interest appears to be untenable in the light of the express statutory language above referred to. There is no claim made in the affidavit submitted in opposition to the motion that the City Treasurer realized enough from the rents and profits to pay the interest upon the tax lien in addition to paying the unpaid taxes.

The other claim of the defendant, viz., that the notice of sale was improper because the amount of the unpaid taxes and assessments was not correctly set forth, is based upon the fact that the taxes were subsequently reduced as the result of a settlement of pending certiorari proceedings. To uphold the defendant's position would mean that during the pendency of certiorari proceedings no valid sale of a tax lien could be made. The law appears to be otherwise. The reduction of the assessed valuations subsequent to the sale of the tax lien merely affects the amount of the unpaid taxes and not the validity of the lien. (*City of New York* v. *Appleby*, 219 N. Y. 76.)

The motion is granted to the extent of striking out the answer and directing the appointment of a referee to compute. Settle order.