■ DENNIS A. SZAL, Appellant, v H. WILLIAM PEARSON et al., Respondents. [735 NYS2d 200] —In an action, *inter alia*, for a judgment declaring that a deed executed by the defendant Incorporated Village of Massapequa Park conveying the plaintiff's real property to the defendant H. William Pearson for nonpayment of village real estate taxes is invalid, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Joseph, J.), dated August 18, 2000, which denied his motion for a preliminary injunction, among other things, enjoining the defendant H. William Pearson from taking possession of the plaintiff's real property, and (2) an order of the same court, dated September 22, 2000, which denied his motion for leave to reargue.

Ordered that the appeal from the order dated September 22, 2000, is dismissed, as no appeal lies from an order denying reargument (*see, Frisenda v X Large Enters.,* 280 AD2d 514); and it is further,

Ordered that the order dated August 18, 2000, is reversed, on the law, and the motion is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

To obtain a preliminary injunction, a movant must demonstrate a probability of success on the merits, irreparable injury in the absence of injunctive relief, and a balancing of the equities in his favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Matter of Long Is. Paneling Ctrs. v Osman,* 286 AD2d 333; *Peterson v Corbin,* 275 AD2d 35). Contrary to the conclusion of the Supreme Court, the plaintiff met this burden.

In seeking to overturn the tax lien sale of his home, the plaintiff demonstrated that he never received notice of the date, time, and place that the tax lien on his home would be sold. The only notice of the sale was via publication. As the Court of Appeals held in an analogous case, a tax lien sale has " 'momentous consequences' for the homeowner * * * and that—balanced against these consequences—requiring that a notice be mailed to a person whose name and address are known imposes a minimal burden on the [Village]. Actual notice is therefore required" (*Matter of McCann v Scaduto,* 71 NY2d 164, 177). Although the plaintiff did receive several letters noting his tax defaults with warnings, *inter alia,* that his property was "subject to" sale, and notwithstanding that he received actual notice of his right to redeem, under the circumstances herein, the failure of the respondent Village of Massapequa Park to provide actual notice of the date, time, and place that the tax lien would be sold constituted a denial of the plaintiff's due process rights (*see, Mennonite Bd. of Missions v*

*Adams,* 462 US 791; *Matter of McCann v Scaduto, supra; Matter of Byrnes v County of Saratoga,* 251 AD2d 795). Therefore, we find that the plaintiff did demonstrate a likelihood of success on the merits, along with irreparable harm and a favorable balancing of the equities, and thus his motion for a preliminary injunction should have been granted. Krausman, J. P., S. Miller, Schmidt and Crane, JJ., concur.