■ NYCTL 1998-2 Trust et al., Respondents, v 1985 Jerome Avenue Corp., Appellant, et al., Defendants. [823 NYS2d 12]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 6, 2005, which denied defendant's motion to vacate the amended judgment of foreclosure and sale, unanimously affirmed, with costs.

Plaintiff, holder of a tax lien certificate, obtained a judgment of foreclosure and sale against defendant in January 2002. Shortly thereafter, defendant's attorney contacted plaintiff's attorney claiming that the tax lien included invalid water/sewer charges. Plaintiff's attorney responded that the tax lien could not be reduced without authorization from the New York City Department of Finance, and that defendant's attorney should deal directly with that agency and inform plaintiff of the amount of any reduction. More than three years later, in April 2005, pursuant to instructions received a month earlier from the Department of Finance, the tax lien certificate was adjusted by deducting most of the water/sewer charges, plus the interest attributable thereto, and plaintiff brought a motion to amend the judgment of foreclosure and sale accordingly, which was not opposed by defendant. However, because interest continued to accrue on the undisputed charges, mainly property taxes, the total amended judgment was even more than the original judgment. Defendant now seeks to vacate the amended judgment, arguing that the running of interest should have stopped as of the date of the original computation in December 2001. Defendant asserts that the reason it did not oppose plaintiff's motion to amend the judgment was because its sole shareholder and officer passed away in February 2005 and his executor received preliminary letters only a few weeks prior to the motion, and argues that plaintiff's failure to explain why it did not promptly sell the property under the original judgment is a meritorious defense. That delay, however, was not the result of any inaction by plaintiff, but rather defendant's dealings with the Department of Finance. Plaintiff explains that it did not proceed with the sale because it believed defendant was negotiating with Finance to have the tax lien reduced, and once Finance confirmed the reduction, plaintiff immediately proceeded to recompute the charges and amend the judgment accordingly. Defendant could have avoided most of the interest of which he

complains had he at least paid the undisputed portion of the judgment (*cf. Matter of County of Fulton v State of New York*, 76 NY2d 675, 678-679 [1990]). We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ.