■ John Muzio et al., Appellants, v Maria Alfano-Hardy et al., Respondents. [900 NYS2d 891]—

In an action, inter alia, for a judgment declaring that a deed executed by the defendant Village of Bayville conveying to the defendant Florence Risman certain real property owned by the plaintiffs is void, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Martin, J.), dated September 26, 2007, which granted the motion of the defendants Maria Alfano-Hardy, Joanne Banco, and the Village of Bayville, and the separate motion of the defendant Florence Risman, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them are denied.

In July 2001, the defendant Village of Bayville sold to the defendant Florence Risman a tax lien certificate relating to certain real property owned by the plaintiffs. In September 2003, Risman mailed a notice to redeem to the plaintiffs. The plaintiffs failed to redeem and the Village conveyed the property to Risman. The plaintiffs seek, inter alia, to invalidate the deed.

The Village failed to make a prima facie showing that it satis-

fied the due process rights of the plaintiffs by furnishing constitutionally adequate notice of the sale of the underlying tax lien (*see Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *Mennonite Bd. of Missions v Adams*, 462 US 791 [1983]; *Matter of McCann v Scaduto*, 71 NY2d 164 [1987]; *Kahen-Kashi v Risman*, 8 AD3d 342 [2004]; *Meadow Farm Realty Corp. v Pekich*, 251 AD2d 634 [1998]). Hence, the Supreme Court erred in granting the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them, regardless of the sufficiency of the plaintiffs' opposition papers.

In light of our determination, we need not address the parties' remaining contentions. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur. **[Prior Case History: 2007 NY Slip Op 33173(U).]**