■ NYCTL 2009-A Trust et al., as Collateral Agent and Custodian for the NYCTL 2009-A Trust, Appellants, v Walter Morris, Respondent, et al., Defendants. [39 NYS3d 818]—

In an action to foreclose a tax lien, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rios, J.), dated December 5, 2013, as denied that branch of their renewed motion which was for summary judgment on the complaint insofar as asserted against the defendant Walter Morris.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2010, the plaintiffs, NYCTL 2009-A Trust and Bank of New York, as collateral agent and custodian for NYCTL 2009-A Trust, commenced this action to foreclose on a tax lien encumbering premises owned by Walter Morris (hereinafter the defendant). The defendant answered the complaint and asserted various affirmative defenses, including lack of notice. Thereafter, the plaintiffs moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The Supreme Court denied that branch of the motion, with leave to renew, on the ground that the plaintiffs failed to demonstrate that actual notice of the tax lien sale had been given to the defendant. The plaintiffs subsequently renewed their prior motion, arguing that, pursuant to RPTL 1190 (2) (a), the failure to provide notice does not affect the validity of a tax lien sale. By order dated December 5, 2013, the Supreme Court, among other things, denied that branch of the plaintiffs' renewed motion which was for summary judgment on the complaint insofar as asserted against the defendant.

Pursuant to Administrative Code of the City of New York § 11-320 (b) (1), "[a] tax lien shall not be sold unless the com-

missioner of finance, or his or her designee, notifies the owner of record at the address of record . . . by first class mail, of the intention to sell the tax lien." The failure to provide a property owner with actual notice of a tax lien sale is a deprivation of due process (*see Matter of McCann v Scaduto*, 71 NY2d 164, 170 [1987]; *Szal v Pearson*, 289 AD2d 562 [2001]; *Meadow Farm Realty Corp. v Pekich*, 251 AD2d 634 [1998]).

Here, the plaintiffs failed to make a prima facie showing that they satisfied the due process rights of the defendant by furnishing constitutionally adequate notice of the sale of the tax lien (*see* Administrative Code § 11-320 [b] [1]; *Muzio v Alfano-Hardy*, 73 AD3d 1144 [2010]), and the plaintiffs' remaining contentions are without merit. Thus, the Supreme Court properly denied that branch of the plaintiffs' renewed motion which was for summary judgment on the complaint insofar as asserted against the defendant, regardless of the sufficiency of the defendant's opposition papers (*see Muzio v Alfano-Hardy*, 73 AD3d at 1145). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.