■ NYCTL 1997-1 Trust et al., Respondents, v Sarah Denis et al., Defendants, and Peter Hirakis, Appellant. [48 NYS3d 179]—

Appeals from two orders of the Supreme Court, Kings County (David I. Schmidt, J.), dated March 6, 2014, and May 29, 2014, respectively. The order dated March 6, 2014, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Peter Hirakis and for an order of reference, and denied the cross motion of the defendant Peter Hirakis for summary judgment dismissing the amended complaint insofar as asserted against him. The order dated May 29, 2014, among other things, granted the same relief and referred the matter to a referee to compute the sum due and owing.

Ordered that the appeal from the order dated March 6, 2014, is dismissed, as the portions of the order appealed from were superseded by the order dated May 29, 2014; and it is further,

Ordered that the order dated May 29, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs commenced this action to foreclose a tax lien on premises owned by the defendant Peter Hirakis. The tax lien consisted of $8,275 in property taxes, $27,168.58 in water and sewer charges, $686.17 for a "Fire Prevention Inspection" charge, and a 5% surcharge of $1,806.49. Following motion practice, discovery, and conferences, the plaintiffs agreed to reduce the water and sewer charge component of the tax lien from $27,168.58 to $7,089.86, with a corresponding reduction of the surcharge. The plaintiffs then moved, inter alia, for summary judgment on the amended complaint insofar as asserted against Hirakis, based on the reduced sum of the lien of $16,853.58, and for an order of reference. Hirakis cross-moved for summary judgment dismissing the amended complaint insofar as asserted against him. The Supreme Court granted the plaintiffs' motion, denied Hirakis's cross motion, and referred the matter to a referee to compute the sum due and owing. Hirakis appeals.

A tax lien certificate is presumptive evidence that the lien

purported to be transferred by such an instrument was a valid and enforceable lien, and that it has been duly assigned to the purchaser (*see* Administrative Code of City of NY § 11-336). Contrary to Hirakis's contention, a reduced tax lien is enforceable as to the remaining sum of the lien (*see NYCTL 1998-2 Trust v 1985 Jerome Ave. Corp.*, 33 AD3d 428 [2006]; *City of New York v 952 Fifth Ave. Corp.*, 181 Misc 705 [Sup Ct, NY County 1944]; *cf.* Administrative Code of City of NY § 11-319 [b] [8]).

In support of their motion for summary judgment, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law by submitting proof that Hirakis had not satisfied the subject tax lien (*see NYCTL 2008-A Trust v Lee Zhen Xiang*, 121 AD3d 1062 [2014]; *NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d 1092 [2012]). In opposition, Hirakis failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The Supreme Court properly determined that it lacked the equitable power to reduce the interest prescribed by law (*see* Administrative Code of City of NY §§ 11-224 [h]; 11-301, 11-302, 11-319 [b] [6]; 11-332 [b]; *Matter of Mill Cr. Phase 1 Staten Is. Bluebelt Sys.*, 10 NY3d 898, 900 [2008]; *Matter of City of New York [Hammel Boardwalk Corp.]*, 288 NY 51, 57 [1942]; *NYCTL 1998-2 Trust v McGill*, 138 AD3d 1077, 1078-1079 [2016]; *Matter of Delafield 246 Corp. v City of New York*, 11 AD3d 268, 272 [2004]).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the amended complaint insofar as asserted against Hirakis based on the reduced sum of the lien, denied Hirakis's cross motion, and referred the matter to a referee to compute the sum due and owing. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.