NYCTL 2011-A Trust v Kahn (2018 NY Slip Op 05325)





NYCTL 2011-A Trust v Kahn


2018 NY Slip Op 05325


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-11099
 (Index No. 9698/12)

[*1]NYCTL 2011-A Trust, et al., appellants, 
v
Sonala Kahn, et al., respondents, et al., defendants.


Thomas P. Malone, PLLC (Ellen Rothstein and Christopher Kohn, New York, NY, of counsel), for appellants.



DECISION & ORDER
In an action to foreclose a tax lien, the plaintiffs appeal from an order of the Supreme Court, Queens County (Augustus C. Agate, J.) entered December 17, 2014. The order, insofar as appealed from, granted the cross motion of the defendants Sonala Kahn, Shamin Khan, and Emil Kerisli, in effect, for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiffs' motion for summary judgment on the complaint insofar as asserted against those defendants and to amend the caption by correcting the spelling of the name of the defendant Sonala Kahn to Sonala Khan and removing the defendants John Doe No. 1 through John Doe No. 100 from the caption.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the cross motion of the defendants Sonala Kahn, Shamin Khan, and Emil Kerisli, in effect, for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying that branch of the plaintiffs' motion which was to amend the caption by correcting the spelling of the name of the defendant Sonala Kahn to Sonala Khan and removing the defendants John Doe No. 1 through John Doe No. 100 from the caption, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2010, the plaintiffs, NYCTL 2011-A Trust and Bank of New York Mellon, as [*2]collateral agent and custodian (hereinafter together the plaintiffs), commenced this action to foreclose on a tax lien encumbering a premises owned in Queens County by the defendants Sonala Khan, Shamin Khan, and Emil Kerisli (hereinafter collectively the defendants). The defendants answered the complaint and asserted various affirmative defenses, including the failure of the plaintiffs to provide required statutory notices. Thereafter, the plaintiffs moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The defendants cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, denied that branch of the plaintiffs' motion which was for summary judgment on the ground that the plaintiffs failed to demonstrate that actual notice of the tax lien sale had been given to Kerisli and granted the defendants' cross motion. The plaintiffs appeal.
Pursuant to Administrative Code of the City of New York § 11-320(b)(1), "[a] tax lien shall not be sold unless the commissioner of finance, or his or her designee, notifies the owner of record at the address of record . . . by first class mail, of the intention to sell the tax lien." The failure to provide a property owner with actual notice of a tax lien sale is a deprivation of due process (see McCann v Scaduto, 71 NY2d 164, 170; NYCTL 2009-A Trust v Morris, 144 AD3d 649).
Contrary to the Supreme Court's determination, the defendants failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating that Kerisli filed an owner registration card with the New York City Department of Finance (hereinafter the Department of Finance) pursuant to Administrative Code of the City of New York §§ 11-416 or 11-417, or that the Department of Finance was notified of Kerisli's interest in the property (see Matter of ISCA Enters. v City of New York, 77 NY2d 688, 701-702; Matter of Tax Foreclosure Action No. 51, 129 AD3d 1093; Matter of City of New York [Berlin Beverage Distribs.], 171 AD2d 792). Accordingly, the court should have denied the defendants' cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them regardless of the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's determination that in support of their motion for summary judgment, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating that they provided Kerisli with the required notices or that Kerisli did not provide the Department of Finance with an owner registration card or with other notice of his ownership interest (see NYCTL 2009-A Trust v Morris, 144 AD3d 649; In Rem Tax Foreclosure Action No. 47, 19 AD3d 547; Matter of Tref Realty Corp. v City of New York, 135 AD2d 862, 863).
The Supreme Court should have granted that branch of the plaintiffs' motion which was to amend the caption of the complaint by correcting the spelling of the name of the defendant Sonala Kahn to Sonala Khan and removing the defendants John Doe No. 1 through John Doe No. 100 from the caption (see CPLR 2001; CPLR 5019; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862).
The plaintiffs' remaining contention is without merit (see NYCTL 2009-A Trust v Morris, 144 AD3d at 650).
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court