NYCTL 2009-A Trust v Morris (2018 NY Slip Op 06022)





NYCTL 2009-A Trust v Morris


2018 NY Slip Op 06022


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-01537
 (Index No. 3883/10)

[*1]NYCTL 2009-A Trust, et al., appellants, 
v
Walter Morris, respondent, et al., defendants.


Windels Marx Lane & Mittendorf, LLP, New York, NY (Joseph F. Abt of counsel), for appellants.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP, Riverhead, NY (Lorraine Paceleo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, the plaintiffs appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered December 26, 2017. The order, insofar as appealed from, denied those branches of the plaintiffs' second renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Walter Morris, to appoint a referee to compute the amount due, to substitute NYCTL 1998-2 Trust as plaintiff, and to amend the caption.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' second renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Walter Morris, to appoint a referee to compute the amount due, to substitute NYCTL 1998-2 Trust as plaintiff, and to amend the caption are granted.
In 2010, the plaintiffs, NYCTL 2009-A Trust and Bank of New York, commenced this action to foreclose a tax lien encumbering premises owned by the defendant Walter Morris. Morris answered the complaint and asserted various affirmative defenses, including lack of notice. Thereafter, the plaintiffs moved, inter alia, for summary judgment on the complaint insofar as asserted against Morris. The Supreme Court denied that branch of the motion, without prejudice to renew, on the ground that the plaintiffs failed to demonstrate that actual notice of a tax lien sale had been given to Morris. The plaintiffs subsequently renewed their prior motion, arguing that, pursuant to RPTL 1190(2)(a), the failure to provide notice does not affect the validity of a tax lien sale. By order dated December 5, 2013, the court, among other things, denied that branch of the plaintiffs' renewed motion which was for summary judgment on the complaint insofar as asserted against Morris, without prejudice to renew. On appeal by the plaintiffs, this Court affirmed (see NYCTL 2009-A Trust v Morris, 144 AD3d 649).
In July 2017, the plaintiffs filed their second renewed motion for summary judgment on the complaint insofar as asserted against Morris, and also sought, inter alia, to appoint a referee to compute the amount due, to substitute NYCTL 1998-2 Trust as plaintiff, and to amend the caption. As to that branch of the motion which sought summary judgment, the plaintiffs submitted, [*2]among other things, a copy of a notice to Morris of an intention to sell the tax lien and an affidavit of the tax lien ombudsman for the Department of Finance of the City of New York, who attested that in 2009, the notice was mailed to Morris by first class mail at the property address not less than 30 days prior to the date of sale, as required by the Administrative Code then in effect (see Administrative Code of City of NY former § 11-320[b]). In the order appealed from, the Supreme Court denied the plaintiffs' second renewed motion. The court found that the plaintiffs failed to explain why they had not submitted the documentation of notice to Morris on the earlier motions and that Morris raised a triable issue of fact in opposition as to whether he received the notices of intention to sell the tax liens. The plaintiffs appeal from so much of the order as denied those branches of their second renewed motion which were for summary judgment on the complaint insofar as asserted against Morris, to appoint a referee to compute the amount due, to substitute NYCTL 1998-2 Trust as plaintiff, and to amend the caption.
Contrary to the Supreme Court's determination, where, as here, the plaintiffs' prior motion was denied without prejudice to renew, it was not incumbent on the plaintiffs to justify their failure to submit the evidence concerning notice on their prior motions (see City of New York v Caristo Constr. Corp., 94 AD2d 688, 689, affd 62 NY2d 819; McMahon v City of New York, 105 AD2d 101, 105; cf. CPLR 2221[e]; see generally CPLR 3212[b]).
Furthermore, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by submitting the subject tax lien certificate, which was presumptive evidence of a valid and enforceable lien (see Administrative Code § 11-336; NYCTL 2011-A Trust v Master Sheet Co., Inc., 150 AD3d 755, 756; NYCTL 1997-1 Trust v Denis, 147 AD3d 966, 966-967), along with proof that no payments had been made on the tax lien (see NYCTL 1998-2 Trust v 104-26 Jamaica Ave, LLC, 160 AD3d 974, 975; NYCTL 2008-A Trust v Lee Zhen Xiang, 121 AD3d 1062, 1063; NYCTL 2009-A Trust v Tsafatinos, 101 AD3d 1092, 1093). In addition, the plaintiffs made a prima facie showing that they satisfied the due process rights of Morris by furnishing constitutionally adequate notice of the sale of the tax lien (see Administrative Code § 11-320[b]; Mennonite Bd. of Missions v Adams, 462 US 791, 800; see also Matter of McCann v Scaduto, 71 NY2d 164, 177; cf. Muzio v Alfano-Hardy, 73 AD3d 1144, 1144-1145).
In opposition, Morris failed to raise a triable issue of fact rebutting the plaintiffs' showing or as to the merit of his affirmative defense (see NYCTL 2008-A Trust v Trinco, Inc., 148 AD3d 1035, 1036; Matter of City of Peekskill [Dashley Realty, Inc.], 124 AD3d 778, 779; NYCTL 1998-2 Trustee v 2388 Nostrand Corp., 69 AD3d 594, 595). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' second renewed motion which was for summary judgment on the complaint insofar as asserted against the Morris.
Inasmuch as Morris offered no opposition to those branches of the motion which were to appoint a referee to compute the amount due, to substitute NYCTL 1998-2 Trust as plaintiff, and to amend the caption, the Supreme Court should have granted those branches of the motion as well (see NYCTL 1998-2 Trustee v 2388 Nostrand Corp., 69 AD3d at 595).
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court