NYCTL 2011-A Trust v Keane (2019 NY Slip Op 03350)





NYCTL 2011-A Trust v Keane


2019 NY Slip Op 03350


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-07857
 (Index No. 11009/12)

[*1]NYCTL 2011-A Trust, et al., respondents,
v
Wendell Keane, et al., appellants, et al., defendants.


Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellants.
Phillips Lytle LLP, Rochester, NY (Anthony J. Iacchetta of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a tax lien, the defendants Wendell Keane and Annette Ross Keane appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 26, 2016. The order and judgment of foreclosure and sale granted the plaintiffs' motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In this action to foreclose a tax lien, the plaintiffs established their entitlement to a judgment of foreclosure and sale and confirmation of the referee's report (see Bank of N.Y. Mellon Trust Co. v Loodus, 160 AD3d 797, 798). Contrary to the contention of the defendants Wendell Keane and Annette Ross Keane (hereinafter together the defendants), the documentary evidence they submitted in opposition to the plaintiffs' motion failed to establish that they satisfied the subject tax lien (see NYCTL 1997-1 Trust v Denis, 147 AD3d 966, 967).
The defendants' remaining contentions are improperly raised for the first time on appeal and, therefore, are not properly before this Court.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court