58-48 Catalpa Realty Corp. v S & S Med. Assoc., P.C. (2020 NY Slip Op 04135)





58-48 Catalpa Realty Corp. v S & S Med. Assoc., P.C.


2020 NY Slip Op 04135


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-06522

[*1]58-48 Catalpa Realty Corp., etc., et al., appellants,
v
S & S Medical Associates, P.C., defendant, Sheflin Medical Group, P.C., et al., respondents. (File No. 346220)


The Law Office of Craig A. DiPrima, LLC, Huntington, NY, for appellants.
Lally & Misir, LLP, Mineola, NY (Grant M. Lally of counsel), for respondents Sheflin Medical Group, P.C., and Craig Sheflin.
Lewis Johs Avalone Aviles, LLP, Islandia, NY (Bryan F. Lewis and Robert A. Lifson of counsel), for respondents Lewis Bass, D.O., P.C., and Lewis Bass.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, which was transferred from the Supreme Court, Nassau County, to the Surrogate's Court, Nassau County, the plaintiffs appeal from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated April 14, 2017. The order granted those branches of the separate motions of the defendants Sheflin Medical Group, P.C., and Craig Sheflin and the defendants Lewis Bass, D.O., P.C., and Lewis Bass which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents.
The plaintiffs are the former owners of real property located in Ridgewood and Valley Stream. They commenced this action in the Supreme Court, Nassau County, in 2013. The action was thereafter transferred to the Surrogate's Court, Nassau County.
The defendants Sheflin Medical Group, P.C., and Craig Sheflin moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground of lack of standing. The defendants Lewis Bass, D.O., P.C., and Lewis Bass (hereinafter collectively with Sheflin Medical Group, P.C., and Sheflin, the moving defendants) moved, among other things, for the same relief. By order dated April 14, 2017, the Surrogate's Court granted those branches of the moving defendants' separate motions. The plaintiffs appeal.
The moving defendants established, prima facie, the plaintiffs' lack of standing to maintain this action, by submitting, inter alia, the deeds and contracts of sale demonstrating that the plaintiffs conveyed their causes of action relating to the subject properties, including the right to seek unpaid rents from the moving defendants, when they sold the Ridgewood and Valley Stream properties (see Real Property Law § 255; Angelino v Francis J. Angelino, D.D.S., P.C., 83 AD3d [*2]1186, 1187-1188). The plaintiffs failed to raise a triable issue of fact in opposition.
Contrary to the plaintiffs' contention, they do not have standing to compel an accounting from any of the moving defendants under SCPA 2205(2)(g). With the exception of Sheflin, the plaintiffs did not submit any evidence raising a triable issue of fact as to whether any of the other moving defendants were fiduciaries at any point. Moreover, even assuming factual issues exist as to whether Sheflin was a de facto fiduciary, there is no evidence that any of the plaintiffs was "a successor fiduciary" with standing to compel an accounting within the meaning of SCPA 2205(2)(g). Accordingly, we agree with the Surrogate Court's determination that the moving defendants were entitled to summary judgment dismissing the cause of action to compel an accounting.
The moving defendants' remaining contentions have been rendered academic in light of our determination.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court