Meak v Properties Pursuit, Inc. (2020 NY Slip Op 04549)





Meak v Properties Pursuit, Inc.


2020 NY Slip Op 04549


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-05282
 (Index No. 12140/12)

[*1]Frank Meak, et al., plaintiffs-respondents, 
v
Properties Pursuit, Inc., appellant, et al., defendants; John Franco, third-party intervenor-respondent.


Adam E. Mikolay, P.C., East Meadow, NY, for appellant.
Irwin S. Izen, Commack, NY, for third-party intervenor-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Properties Pursuit, Inc., appeals from a judgment of the Supreme Court, Suffolk County (Jerry Garguilo, J.), entered April 14, 2017. The judgment, upon an order of the same court entered March 23, 2017, inter alia, deemed the closing date for the transfer of title of the subject property by the referee to the third-party intervenor-respondent to have taken place on January 22, 2016.
ORDERED that the appeal is dismissed, with one bill of costs payable to the third-party intervenor-respondent.
As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350, 353). Here, the appellant, Properties Pursuit, Inc. (hereinafter PPI), previously appealed from orders dated July 29, 2013, March 4, 2014, November 10, 2016, and March 10, 2017. However, none of the four prior appeals were perfected and all were dismissed by decision and order on motion of this Court or deemed dismissed pursuant to 22 NYCRR 1250.10(a). Insofar as PPI's present contentions were either raised or could have been raised on the prior appeals, the dismissal of PPI's appeals for failure to perfect constituted an adjudication of those issues on the merits, and this Court declines to review those issues on this appeal (see US Bank, N.A. v Daskal, 164 AD3d 709).
PPI's remaining contentions are not properly before this Court.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court