Muzio v Alfano-Hardy (2022 NY Slip Op 01167)





Muzio v Alfano-Hardy


2022 NY Slip Op 01167


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-10748
 (Index No. 10528/05)

[*1]John. Muzio, Jr., etc., appellant, et al., plaintiff, 
v
Maria Alfano-Hardy, etc., et al., respondents.


John V. Muzio, Jr., Bayport, NY, appellant pro se.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Daniel O. Dietchweiler of counsel), for respondents Maria Alfano-Hardy, Joanne Banco, and Village of Bayville, New York.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed executed by the defendant Village of Bayville, New York, conveying to the defendant Florence Risman certain real property owned by John Muzio and Theresa Muzio is void, the plaintiff John V. Muzio, Jr., appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated July 11, 2019. The order, insofar as appealed from, granted the motion of the defendants Maria Alfano-Hardy, Joanne Banco, and Village of Bayville, New York, pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them to the extent of directing the plaintiffs to retain counsel to represent John Muzio and Theresa Muzio on or before September 16, 2019, and directing that if the plaintiffs did not appear by counsel at a conference on September 17, 2019, the action would be deemed dismissed pursuant to CPLR 3216.
ORDERED that the order is affirmed insofar as appealed from, with costs to the defendants Maria Alfano-Hardy, Joanne Banco, and Village of Bayville, New York.
In July 2001, the defendant Village of Bayville, New York, sold to the defendant Florence Risman a tax lien certificate relating to real property owned by John Muzio and Theresa Muzio (hereinafter together the Muzios) (see Muzio v Alfano-Hardy, 73 AD3d 1144, 1144). After the Muzios failed to redeem, the Village sold the property to Risman (see id.). In 2005, the Muzios commenced this action against Maria Alfano-Hardy, individually and as treasurer of the Village, Joanne Banco, individually and as tax clerk of the Village, the Village (hereinafter collectively the Village defendants), and Risman, seeking, inter alia, to invalidate the deed granted to Risman. The Muzios' son and daughter were subsequently appointed their co-guardians in guardianship proceedings pursuant to Mental Hygiene Law article 81. The caption in this action was amended to list the co-guardians as the plaintiffs in their representative capacities. In an order entered October 17, 2017 (hereinafter the October 2017 order), the Supreme Court directed the plaintiffs to obtain counsel. By demand pursuant to CPLR 3216 dated February 23, 2018 (hereinafter the 90-day demand), the Village defendants demanded that the plaintiffs resume the prosecution of this action by complying with the October 2017 order within 90 days. By notice of motion dated August 9, 2018, the Village defendants moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them because the plaintiffs had failed to retain counsel as required by the October [*2]2017 order. In an order dated July 11, 2019, the Supreme Court directed (1) the plaintiffs to retain counsel to represent the Muzios on or before September 16, 2019, (2) counsel for all parties to appear on September 17, 2019, and (3) that if the plaintiffs did not appear by counsel at the September 17, 2019 conference, the matter would be deemed dismissed pursuant to CPLR 3216. John V. Muzio, Jr., co-guardian for the Muzios (hereinafter the appellant) appeals. After John Muzio died in 2020, this Court amended the caption to substitute "John V. Muzio, Jr., as co-administrator of the estate of John Muzio" for "John V. Muzio, Jr., as co-guardian for John Muzio."
"Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading on terms" (CPLR 3216[a]). "No dismissal shall be directed under any portion of [CPLR 3216(a)] and no court initiative shall be taken or motion made thereunder unless" (id. § 3216), inter alia, the party seeking this relief has "served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed" (id. § 3216[3][b]). "The failure to serve a CPLR 3216 demand by registered or certified mail is a procedural irregularity and, absent a showing of prejudice to a substantial right of a plaintiff, courts should not deny, as jurisdictionally defective, a defendant's motion to dismiss for neglect to prosecute" (Balancio v American Opt. Corp., 66 NY2d 750, 751).
Here, the Supreme Court found that the Village defendants had not served the 90-day demand by certified mail and that service was therefore defective, but that the plaintiffs were not prejudiced thereby. The appellant does not challenge this finding on appeal, instead arguing merely that service of the 90-day demand was defective. Because the failure to serve the 90-day demand by certified mail was a mere procedural irregularity that did not prejudice the plaintiffs, the court was correct not to deny the Village defendants' motion on this ground (see id. at 751). Next, contrary to the appellant's contention, the plaintiffs' failure to obtain counsel for well over a year after being directed to do so was actionable under CPLR 3216, as this failure constituted "delay[ing] in the prosecution" of the action.
"As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so" (Meak v Properties Pursuit, Inc., 186 AD3d 701, 702; see Bray v Cox, 38 NY2d 350, 353). We decline to consider the appellant's contention that the Supreme Court erred in directing the plaintiffs to obtain counsel, as the appellant could have raised this issue in a prior appeal which was dismissed for failure to perfect.
The appellant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court