Muzio v Alfano-Hardy (2022 NY Slip Op 01166)





Muzio v Alfano-Hardy


2022 NY Slip Op 01166


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2017-07442
 (Index No. 10528/05)

[*1]John. Muzio, Jr., etc., appellant, et al., plaintiff, 
v
Maria Alfano-Hardy, etc., et al., respondents.


John V. Muzio, Jr., Bayport, NY, appellant pro se.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Daniel O. Dietchweiler of counsel), for respondents Maria Alfano-Hardy, Joanne Banco, and Village of Bayville, New York.
Levy & Levy, Great Neck, NY (Joshua Levy of counsel), for respondent Florence Risman.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed executed by the defendant Village of Bayville, New York, conveying to the defendant Florence Risman certain real property owned by John Muzio and Theresa Muzio is void, the plaintiff John V. Muzio, Jr., appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered May 8, 2017. The order granted that branch of the motion of the defendant Florence Risman, joined by the defendants Maria Alfano-Hardy, Joanne Banco, and Village of Bayville, New York, which was to preclude evidence at trial on the issue of damages relating to any period of time subsequent to November 8, 2004, for Lots 8, 9, and 10 of the subject property on the ground that the plaintiffs no longer had standing to maintain any claim relating thereto.
ORDERED that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.
In July 2001, the defendant Village of Bayville, New York, sold to the defendant Florence Risman a tax lien certificate relating to real property owned by John Muzio and Theresa Muzio (hereinafter together the Muzios) (see Muzio v Alfano-Hardy, 73 AD3d 1144, 1144). After the Muzios failed to redeem, the Village sold the property to Risman (see id.). In 2005, the Muzios commenced this action against Maria Alfano-Hardy, individually and as treasurer of the Village, Joanne Banco, individually and as tax clerk of the Village, the Village (hereinafter collectively the Village defendants), and Risman, seeking, inter alia, to invalidate the deed granted to Risman. The Muzios' son and daughter were subsequently appointed their co-guardians in guardianship proceedings pursuant to Mental Hygiene Law article 81. The caption in this action was amended to list the co-guardians as the plaintiffs in their representative capacities. In 2016, Risman moved to preclude any evidence or testimony at trial regarding damages relating to Lots 8, 9, and 10 of the subject property on the basis that the Muzios had conveyed their interest in those lots to Buona Fortuna, LLC, in a deed dated November 8, 2004. The motion was joined by the Village defendants. The Supreme Court granted that branch of the motion which was to preclude the plaintiff "from offering any evidence or testimony relating to any period of time subsequent to November 8, 2004 [*2]. . . on Lots 8, 9 and 10," finding that the plaintiff lacked standing to maintain any claim relating thereto. John V. Muzio, Jr., co-guardian for the Muzios (hereinafter the appellant) appeals. After John Muzio died in 2020, this Court amended the caption to substitute "John V. Muzio, Jr., as co-administrator of the estate of John Muzio" for "John V. Muzio, Jr., as co-guardian for John Muzio."
A foreign limited liability company doing business in New York without "a certificate of authority to do business in this state may not maintain any action, suit or special proceeding in any court of this state unless and until such limited liability company shall have received a certificate of authority in this state" (Limited Liability Company Law § 808[a]). However, the failure of such a limited liability company to obtain a certificate of authority to do business in New York "does not impair the validity of any contract or act of the foreign limited liability company or prevent the foreign limited liability company from defending any action or special proceeding in any court of this state" (id. § 808[b]; see In re MBM Entertainment, LLC, 531 BR 363, 413 [Bankr SD NY]).
"In any grant or mortgage of freehold interests in real estate, the words, 'together with the appurtenances and all the estate and rights of the grantor in and to said premises,' must be construed as meaning, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, dower and right of dower, curtesy and right of curtesy, property, possession, claim and demand whatsoever, both in law and in equity, of the said grantor of, in and to the said granted premises and every part and parcel thereof, with the appurtenances" (Real Property Law § 255; see 58-48 Catalpa Realty Corp. v S & S Med. Assoc., P.C., 185 AD3d 877, 878).
Here, the Supreme Court correctly precluded the plaintiffs from offering evidence relating to Lots 8, 9, and 10 for the period after November 8, 2004. Contrary to the appellant's contention, the status of Buona Fortuna, LLC, as a foreign limited liability company did not prevent it from owning real property in New York (see Limited Liability Company Law § 808[b]; In re MBM Entertainment, LLC, 531 BR at 413). Next, the appellant argues that the November 8, 2004 deed did not transfer the subject property because Risman had already unlawfully obtained the property by that date. However, the basis of the plaintiffs' action is the allegation that the transfer to Risman was invalid. If the property was never conveyed to Risman, as the plaintiffs contend, then the Muzios still owned it in November 2004 and could convey it to Buona Fortuna, LLC. Because the November 8, 2004, deed transferred Lots 8, 9, and 10 "TOGETHER with the appurtenances and all the estate and rights of the [Muzios] in and to said premises," the transfer included, inter alia, any "rents, issues and profits thereof" (Real Property Law § 255). Risman's submission of the November 8, 2004 deed with her motion demonstrated, prima facie, that the Muzios transferred any right to damages relating to Lots 8, 9, and 10 for the period after November 8, 2004, to Buona Fortuna, LLC (see 58-48 Catalpa Realty Corp. v S & S Med. Assoc.,P.C., 185 AD3d at 878). In opposition, the plaintiffs failed to raise a triable issue of fact (see id.).
Accordingly, the Supreme Court correctly granted that branch of Risman's motion which was to preclude the plaintiffs from presenting evidence relating to Lots 8, 9, and 10 for the period after November 8, 2004.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.

2017-07442 DECISION & ORDER ON MOTION
John V. Muzio, Jr., etc., appellant, et al., plaintiff,
v Maria Alfano-Hardy, etc., et al., respondents.
(Index No. 10528/05)

Motion by the respondents Maria Alfano-Hardy, Joanne Banco, and Village of Bayville, New York, to dismiss the appeal on the ground that no appeal lies from an order determining a motion in limine. By decision and order on motion of this Court dated October 8, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal on the ground that no appeal lies from an order determining a motion in limine is denied.
ENTER:
Maria T. Fasulo
Clerk of the Court