275 Clermont, LLC v Johnson (2022 NY Slip Op 05070)

275 Clermont, LLC v Johnson

2022 NY Slip Op 05070

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-06789
 (Index No. 503603/15)

[*1]275 Clermont, LLC, respondent,
v
Cecelia Johnson, etc., appellant, et al., defendants.

Frank Wharton, New York, NY, for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz of counsel), for respondent.
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant Cecelia Johnson appeals from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), entered May 8, 2019. The judgment, upon a decision of the same court dated April 18, 2019, made after an inquest on the issue of damages, is in favor of the plaintiff and against that defendant, inter alia, declaring that the plaintiff is the fee owner of the subject property.

DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal pursuant to CPLR 5511 on the grounds that no appeal lies from a judgment entered upon the default of the appealing party and that the dismissal of prior appeals for failure to timely perfect precludes consideration of the issues to be raised on this appeal. By decision and order on motion of this Court dated April 9, 2021, the branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the grounds that no appeal lies from a judgment entered upon the default of the appealing party and that the dismissal of prior appeals for failure to timely perfect precludes consideration of the issues to be raised on this appeal is granted; and it is further,
ORDERED that the appeal is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this action, inter alia, pursuant to RPAPL article 15 to quiet title to real property in Brooklyn, the Supreme Court, by orders dated May 11, 2018, and July 3, 2018, among other things, granted those branches of the plaintiff's motion which were for summary judgment on its first cause of action and dismissing the fifth counterclaim of the defendant Cecelia Johnson (hereinafter the defendant). By order dated April 10, 2019, the court granted the plaintiff's motion to strike the defendant's answer and to preclude her from offering certain evidence at trial, upon the defendant's default in opposing the motion. After an inquest on the issue of damages, held upon the defendant's [*2]failure to appear at trial, a judgment was entered, upon a decision dated April 18, 2019, which is in favor of the plaintiff and against the defendant, inter alia, declaring that the plaintiff is the fee owner of the subject property. The defendant appeals.
The appeal must be dismissed. No appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511; Kokolis v Wallace, 202 AD3d 948; U.S. Bank N.A. v Fuller-Watson, 197 AD3d 764, 766). While an appeal from a judgment entered upon the default of the appealing party nevertheless brings up for review those matters which were the subject of contest before the Supreme Court (see Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142, 1144), the issues presented on this appeal concerning the propriety of the relief granted in the May 11, 2018 and July 3, 2018 orders could have been raised on earlier appeals taken from those orders, which appeals were dismissed for failure to perfect (see 22 NYCRR 1250.10[a]). As a general rule, we do not consider issues raised on a subsequent appeal that were raised, or could have been raised, on an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). Here, we decline to exercise our discretion to review those issues on this appeal (see Meak v Properties Pursuit, Inc., 186 AD3d 701, 702).
Accordingly, we dismiss the appeal in its entirety.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court